UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DARWIN RAMIREZ,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )    13-CV-3362
                               )
S.A. GODINEZ, et al.,          )
                               )
    Defendants.                )

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, seeks leave to proceed in forma pauperis.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff asserts that he is from Honduras and knows very little English. He alleges that Defendants have failed to protect Plaintiff from a serious risk of substantial harm of attack by other inmates, due to the nature of Plaintiff's crime (predatory criminal sexual assault of a child), Plaintiff's sexual orientation (homosexual), and Plaintiff's slight stature. Plaintiff maintains that his roommates have threatened to beat him, have actually beat him, and have extorted money from him. Plaintiff contends that IDOC needs a separate wing or protective custody placement for vulnerable inmates like himself.

Plaintiff also challenges his placement in segregation as punishment for refusing to cell with an inmate who presented a serious risk of substantial harm to Plaintiff.

Lastly, Plaintiff alleges that Defendant Dr. Hinton has been deliberately indifferent to Plaintiff's serious mental health needs by failing to provide a Spanish-speaking mental health professional who can communicate with Plaintiff. Plaintiff does not identify what his serious mental health need is.

The Court concludes that Plaintiff states arguable Eighth Amendment claims for deliberate indifference to Plaintiff's serious

mental health needs and to a substantial risk of serious harm to Plaintiff from other inmates.  The current Warden of Western will be added as a Defendant, because Plaintiff seeks injunctive relief.

   Plaintiff also pursues a claim under the Prison Rape Elimination Act, but no private cause of action exists under that Act.  <u>Rivera v. Drake</u>, 2010 WL 1172602 (E.D. Wis. 2010)(unpublished)("Nothing in the Act suggests that it was intended to create a private cause of action, and nothing suggests that Congress intended to override the state's Eleventh Amendment immunity.")  Plaintiff also cites the United Nation's Universal Declaration of Human Rights, but that also offers no private right of action.  <u>Sosa v. Alvarez–Machain</u>, 542 U.S. 692, 734, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (the Universal Declaration of Human Rights "does not of its own force impose obligations as a matter of international law.").

   Plaintiff is advised that he must identify the names of his "Doe" Defendants before those Defendants can be served.  If Plaintiff cannot discover the names on his own, then Plaintiff should try to discover the names from Defense counsel, after Defense counsel has filed an appearance.  Failure to timely identify Doe Defendants

without good cause will result in the dismissal of the Doe Defendants, without prejudice.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims for deliberate indifference to his serious medical needs and deliberate indifference to a substantial risk of serious harm. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

    6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:  (1) The clerk is directed to add Tarry Williams (Warden of Western Illinois Correctional Center) as a Defendant and to attempt service on Defendants pursuant to the standard procedures.  (2)  Plaintiff's Motion to add detail to his complaint is denied as unnecessary (d/e [6]); Plaintiff's**

**motion to supplement his motion for counsel is granted (d/e [7]).**

ENTERED: 11/1/2013

FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE